May it please the court. My name is John Watkins and I'm the attorney on the Jessica Williams case. I have Co-Counsel Alan Bezian also with me. This case is not about lesser included offenses, the propriety of charging alternatively. Jessica Williams case is about the constitutional rule that protects an individual when a jury returns two verdicts for a single offense. In this case, based upon the way the judge instructed the jury, he treated one single offense. And by the way, there were six offenses, so I'll just kind of talk about one because they all apply. The judge divided a single offense into two offenses and had the jury render two verdicts for one single offense. Now, just so I can understand, you're focused on the fact that the verdict form had count one with two boxes. One of the verdict forms says you find guilty of, and then they could check one of two boxes, which they did. They found in each of the cases they were guilty of, she was guilty of, second box checked under count one was with a prohibited substance in blood resulting in the death of Scott Garner. And then there was the identical form, which they also filled out, which found her not guilty, in which they checked box number one, which was not guilty of being driving under the actual physical control while under the influence of a controlled substance. Those are the verdict forms the judge did. However, if you look at that verdict form, it talks about count one. Count one, as well as count two, three, four, five, six, stated one offense. It's very clear in Nevada, if it was one offense, there were alternative theories to prove one offense. So when the jury was instructed, they were instructed to come back and find a verdict two times for the same offense. In fact, these are identical offenses. They're not just same, like a lesser included. These are... Two means of committing the same offense. Absolutely. The Nevada Supreme Court denied Jessica Williams relief on the double jeopardy issue by applying Blockberger, which I provided this Court with authority to show that Blockberger does not, in fact, apply. Right. Blockberger does not apply to alternative theories. If it did, there would always be separate offenses, and you could have multiple verdicts. So why isn't, in this case, it reasonable to conclude that the jury simply found Jessica Williams guilty under one of the theories, but not guilty on the alternative theory? One means, but not the other means. Is that inconsistent? You cannot be found guilty of a theory, Your Honor. You can only be found guilty... A means. Okay. The means... There were two means to an end. We don't know what would have happened if the judge would have left them all into one verdict and had a special verdict. A special verdict, as we all know, is one verdict and tells you what facts were relied upon to arrive at that verdict. Okay. I'm just trying to... I don't know what would have happened if the jury would have instructed appropriately. I don't know. If the jury had simply been given one of these forms, not where they had simply had a choice of checking as they did on the guilty. Let's just say they were given the guilty form, which said you can find her guilty of driving under the influence, while under the influence, check that box and or check box two. And all they had done was check box two. And they weren't given the second form, which said not guilty. Would your argument be the same or would it be different? There would only be one verdict. If there's only one verdict, then the double jeopardy clause doesn't come into play. So your concern is because they found her guilty of one means and not guilty of a second means, there are two verdicts. Judge Fisher, again, you don't find someone guilty of the means. You find them guilty of the charge. She was charged with driving under the influence. That was the charge. And there were two ways, there were two roads that the government could use to prove that charge. In this case, it's uncontroverted that Jessica Williams was acquitted of count one. Count one contains only one charge. Therefore, that ended the prosecution under the double jeopardy clause. Counsel, may I interrupt for a moment? In support of your argument, you cited the Sanabria case. Yes. Now, the Sanabria case had to do with successive prosecutions. Here the government tried this case once, did it not? There was not twice, as in the Sanabria case. And here there was one trial, and the verdicts were rendered simultaneously. Why can't both verdicts be upheld? Both verdicts can't be upheld, Your Honor, because you can only have one verdict for one offense. You can't have not guilty and guilty. What is your authority to that? The Stowe case, which I did send a letter to the Court, hopefully you received my letter, saying that the Stowe case that was decided by this Court, by its way, it really is rules in favor of Jessica. That was the Ninth Circuit on 11-19-204. The authority And when did you send that letter? I sent the letter a couple of months ago, I believe. I'll make sure to find it. Yes. Saying that the Stowe case, there was two reasons why that I called the Court's attention to Stowe. One is, is that the standard of proof should not be the 2254 standard. It should be a 2241, because when Jessica filed her writ of habeas corpus, there had been a new trial granted by the district judge, and therefore 2241 was the standard. And that's a much lower standard than a 2254 standard. However, Jessica meets both standards. My authority, Judge Nelson, is the Stowe case said, While a judge may terminate a prosecution for a variety of procedural reasons, a jury simply has two. Both the verdict of guilty and of not guilty, by definition, represent a factual resolution of the charged offense. And that's the Stowe case. And if you think about it also, it certainly is legally sound, because you can't have, for one single offense, you can't have an acquittal and a conviction. It would be like in a baseball game where the winning run comes to home plate and the umpire says he's safe and he's out. You can't have two calls for one play. And that's what we have in Jessica Williams' case. Are you arguing that the verdicts are inconsistent? No, they're not inconsistent. I didn't think they were. No, they're not. They say one's proved and then the other's not. Also, your Stowe case up here, as well as United States Supreme Court case law, says when an acquittal is rendered by the jury, at that point, finality takes hold immediately. Any further prosecution of the charge. And what's happened in Jessica's case, she was required, based upon the erroneous division of one single charge into two by the trial judge, she was required to get two acquittals to avoid punishment. Not one. If they were in one verdict form, there would have only been one acquittal necessary. But the way the judge did it, she had to get two acquittals. Are you arguing jury confusion? I'm having trouble understanding the argument because, as Judge Nelson has pointed out, this really is not a Santabria case because everything is taking place in a single trial. And as Judge Fisher has pointed out, well, we've got two means to the same conviction. And the jury has found one exists and the other does not. Is this just a question of the form was written wrong? And if the judge had said, listen, here's the conviction you can convict by one of these two ways, do you choose one or the other or both or neither, that would have been okay? That would have been okay. Absolutely. Why isn't that what happened here? It didn't happen because the jury was asked to give a verdict on each, okay, of the charge twice. Are you arguing jury confusion? Not jury, no, not jury confusion. I don't know what took place in the minds of the jurors. What I'm saying is there's only one charge, and that's admitted. The Nevada Supreme Court said there's only one charge. Well, how was she, I mean, I'm having a little trouble, too. How was she prejudiced in this case in terms of trying the case, knowing what she was charged with, with the ability to defend against either means? This is all simultaneous, isn't it? Well, I don't know. There was one single charge, and there should have been one single verdict. And by dividing it up, the prejudice, okay, is under the Fifth Amendment clause. And that is once there's an acquittal of the charge, it's over. And even though it was erroneously done by the jury. Even if she was previously found guilty at the same time? Yes. Well, it would be because the acquittal takes place immediately. A conviction would not until a judgment would be entered. Right. I'd also like to address the issue, if I may, about this. Chief Justice Proe, the way he ruled against Jessica Williams' case is that he went with the simultaneous, okay? But he admitted, like in the Price case, United States Supreme Court, where there can be double jeopardy in a single trial. Please don't be confused that you can't have double jeopardy in a single trial. He said in Price, the only thing that turned out, that there wasn't an acquittal, unlike Jessica. And what Judge Proe did, he said, this would be double jeopardy, this would be double jeopardy. But this is not double jeopardy. Double jeopardy is not to be decided on a timing issue. In other words, if they're simultaneous, is it one second? Is it now one minute? Is it five minutes afterwards, and then we get double jeopardy? It's double jeopardy from the beginning. If it's double jeopardy, if you try the case on Monday and it was double jeopardy, it was double jeopardy before. So please don't be confused by the simultaneous. The key issue is you cannot have two verdicts on a single offense. You cannot have an acquittal and a conviction on the same offense. Counsel, I found the Stowe case, and the Stowe case seems to say that if you have an acquittal, you can't have a subsequent prosecution. This is one single offense in this case. And so that just distinguishes the Stowe case. Well, I don't, again, you can have double jeopardy in a single trial. And you can have it simultaneous. If there is an acquittal, so what's happened here? Jessica was acquitted. Everybody admits that. There's nobody said this wasn't an acquittal. All the cases that you talk about double jeopardy where they deny it, they say, well, it really wasn't an acquittal. It's absolutely uncontroverted by the Nevada Supreme Court that Jessica was acquitted. If she's acquitted, what is she acquitted of? She's got to be acquitted of the offense. And if she's acquitted of the offense, she can't be found guilty of the same offense. Your side of the Stowe case, which to me doesn't support you, is you have another case to cite. The Stowe case talks about a successive retrial, a successive prosecution. The principal judge is the same. It's a double jeopardy. Was there an acquittal? If there is an acquittal of the charge, it doesn't matter whether it's in the same trial or if it's sometime later. And the simultaneous rendering, and that's what Judge Proh went on, again, if you think about it, you mean it's not double jeopardy if they were rendered simultaneously, but if there's five minutes difference, then what, do we have double jeopardy? Ten minutes? What? But I don't think the issue is five or ten minutes separation. The issue is whether or not they are successive prosecutions. And we quite understand both Senator Brea and I gather Stowe involve successive prosecutions. This is in a single prosecution. I think the issue — Then I don't think it matters. I don't think it makes a difference whether the acquittal was read first by the jury or the conviction was read first. It's my time. Why don't you — yeah. Thank you. May it please the Court. My name is Vic Schulze. I'm here representing Warden Bodo and the Attorney General Brian Sandoval for the State of Nevada. First point that I think is relevant is that we need to start at the very beginning. There are three protections that the double jeopardy clause provides. I think what the petitioner, the appellant, is attempting to do here is to create a fourth protection that no court anywhere has ever provided for. There was one prosecution. There were no multiple punishments in this case. This is not a case of a seriatim prosecution. And that's the key issue. Mr. Watkins has yet to define for this court which of the three protections, whether you're talking about a successive prosecution after an acquittal or a successive prosecution after a conviction or multiple punishments, he's relying on, and I think he doesn't do that because he simply cannot. The theory that he relies on, that you cannot have more than one verdict as a case, is absolutely not the law and has never been accepted by any court. Any single time a prosecutor alleges alternative means or any time a judge instructs on a lesser included offense, which we know is the same offense for double jeopardy purposes as the primary offense under the Brown case, you're going to have a choice that the jury has to make. Any time a jury goes with one alternative means or any time a jury finds a lesser included offense, which they have to be instructed on when requested by the defense, you're going to get what the U.S. Supreme Court calls an implicit acquittal on all the other charges. No court has ever found that that kind of an acquittal somehow erases the conviction on an alternative means or on a lesser included, because the problem is it happens every day in some American jurisdiction that a criminal defendant is found guilty on a lesser included. Under Mr. Watkins' theory, in all those cases, there would not be a conviction. Well, let me ask you to come back to the verdict form here and the question that I asked counsel for Ms. Williams, and that is, if the form in this case had simply been the form, the guilty form, there was no not guilty form, and they had checked the one of the two boxes, are you saying that the unchecked box in that case would have been an implicit acquittal? Yes, it would have been. Under the decisions of the U.S. Supreme Court in Ohio v. Johnson, Price v. Georgia, Green v. U.S., those would have been considered by their silence, those would have been considered what the U.S. Supreme Court calls an implicit acquittal. But it doesn't matter, because when you have what they call an implicit acquittal, in all of those cases, even in a successive prosecution case where the jury finds appeals on a lesser included, and then that is overturned on appeal, that was Price v. Georgia, you can go back, the State was permitted to go back and retry on the lesser included. That destroys Mr. Watkins' theory, because we know that a lesser included and a greater offense are the same offense for double jeopardy purposes. In these cases, the State is allowed to go back and re-prosecute on that lesser included, not the greater, because of the implicit acquittal, but definitely on the lesser included, in spite of everything that Williams is arguing here. And how would you distinguish the Stowe case? The Stowe case isn't the Stowe case didn't simply deal with a single prosecution like this. There was an acquittal in the Stowe case. In this case, you don't have, in my case, you don't have successive prosecutions. Again, double jeopardy only has three protections. None of those are implicit here. None of those are called for in this case because you didn't have a successive prosecution in this case. There is no case law out there from any jurisdiction that supports this theory. What do we do with the Nevada Supreme Court's construction of this looking to Blockburger and at one point in their opinion talking about the two means as if they were saying for double jeopardy purposes, they're separate offenses? It doesn't matter because in the opening brief, when Williams argues that that was the sole basis of the Supreme Court's decision, he's wrong. That misleads this Court. What the Nevada Supreme Court also said in that decision was there was one prosecution, there had never been an acquittal, there had never been a conviction, there were not multiple punishments. So the Nevada Supreme Court cited the exact appropriate rule under Ohio v. Johnson, under Price v. Georgia. There was one prosecution. That is the key issue here. There are only three protections under the double jeopardy clause. We have yet to hear which of those protections was implicated in this theory that there ought to be a fourth protection somehow added. I would point out that the argument that you can only have one verdict in a case is the same when you have a conviction on a lesser included offense. By definition, according to the Supreme Court, because that constitutes an implicit acquittal on the greater offense, you have two verdicts in that case. You've got an implicit acquittal on the greater charge. You've got a conviction on the lesser included charge. You have a conviction. The difference in our arguments here is Mr. Watkins argues that that kind of an acquittal with a conviction in the same trial somehow negates the prosecution, negates the conviction. Our position that's in conformity with what the U.S. Supreme Court has repeatedly says is in that kind of case in a single prosecution, a conviction and an acquittal equals a conviction. That's what the Supreme Court has always said. The final difficulty that Mr. Watkins has in his argument is that the U.S. Supreme Court in Ohio v. Johnson, this argument somehow that the split second, the nanosecond that the acquittal comes in in the middle of the trial somehow negates anything when the verdict's being read, somehow negates the remainder of that sentencing hearing. What the court said in Ohio v. Johnson is you don't split up a prosecution like that like amoebae divide, I think, was the language in that case. It was one prosecution. That's the key issue. That is the fact that Williams has to ignore in this case in order to win her case. We know that Sanabria, on which 90 percent of this argument is based, is simply not relevant that dealt with successive prosecutions. Was this a verdict form objected to at trial? I don't know, Your Honor. I don't think that issue was ever placed before this Court in the petition. Let me address that issue very briefly. Verdict forms do not create offenses. If this trial court judge made a mistake, the mistake he made was in being too specific, in being too detail-oriented, because he did something that under Shad v. Arizona he did not need to do. We know under Shad that juries don't even have to decide which of alternative means they're choosing as long as the offense, as long as the jury believes the offense was committed. It doesn't matter if that verdict is 6-6 or 3-9 or even 12-0. It's not relevant what the number is as long as the overriding offense is found. I concede that Shad was a due process claim, a due process case. It was not a double jeopardy case. But those cases have to be read in peri materia because you're dealing with similar issues. It doesn't matter which of the alternative means the jury found. It doesn't matter that there was an implicit acquittal under Shad as a due process issue and under Price and under Johnson as a due process, as a double jeopardy issue. The only issue here is that the jury found that the crime had been committed. There is no claim there were multiple punishments in this case because there was only one prosecution. We believe that's the hunt and the chase of the whole matter. There was no overreaching by the government. That's the primary policy behind the double jeopardy clause. Thank you. Thank you. Thank you very much. Mr. Watkins, you've saved a little time. Thank you very much. Opposing counsel indicated the Nevada Supreme Court said there wasn't an acquittal in this case. That is 100 percent incorrect. They at all times said there was an acquittal. And since there was an acquittal, it was an acquittal of the charge. And there was only one charge. And she couldn't be found not guilty and guilty of the same charge. Santabria, what Santabria says is that you can't have two verdicts for one offense. That's what Santabria says. That's another case. You can't have two verdicts. What's your response to counsel's argument that you're trying to create a fourth principle of double jeopardy here? What is the harm that's flowed given the traditional three-part analysis of double jeopardy? First, if I may, finality of an acquittal is also protection under the Fifth Amendment. A successive prosecution, even though it's very short in time, and being subjected to multiple punishments, if multiple verdicts are allowed, if you have a verdict and it's lawful, then you can be punished. And in this case, she could have been punished twice. So she was facing, whether it didn't happen, she was facing multiple punishments. How could she have been punished twice? She could have been found guilty under both of the verdict forms. And? And therefore, if the verdict's valid, then theoretically she could be punished there under. So she faced punishment twice. And let's say she was not guilty, and then so she was subjected to punishment twice. I thought Nevada law doesn't allow that. Nevada law would have said because there's only one offense. Right. But if the verdict is lawful, then she's facing multiple punishments. I don't understand. You're saying Nevada law doesn't allow it. So if it doesn't allow it, even if they check it. Because the legislature. For example, if I may say this, under the legislature could have said, by the way, we're going to have one charge here, like we did, just one charge. In other words, there's only one single offense. But we're going to say that we want multiple punishments for the theories. In other words, if you're convicted based on the single charge, but each of the theories, we want multiple punishments. And under Missouri v. Hunter, that would be lawful. They didn't do that in this case. What they said, there's only, again, one single charge. And we're not going to allow multiple punishments. But the key here is that you can't have this is the whole key of the Jessica Williams case. You can't have two verdicts for one offense. And what opposing counsel says about Lester included. Lester included are separate offenses. It has nothing to do with the Jessica Williams case. This is an anomaly. You can't find any other case in the country like this because they're handled down below and the case is dismissed. This is an anomaly. This is as much of an anomaly as the Santa Maria case. But the key is, was Jessica Williams acquitted? If she's acquitted, then you look and what was she acquitted of? She can't be acquitted of a theory. We know that. She can only be acquitted of the charge. So in this case, how anomalous it is, she was acquitted and found guilty of the exact same charge. Okay. Thank you very much. Thank both counsel for their useful arguments. The case of Williams v. Bodo is now submitted for decision. The last case on the argument calendar is National Resort. We'll take a ten-minute break before we resume and hear the last case on the calendar, NRDC v. National Marine Fisheries Service. Thank you.  Thank you. Thank you.
judges: D.W. Nelson, W. Fletcher, Fisher